SHAW, P. J.
This appeal is presented to us upon the judgment roll, without either bill of exceptions or transcript. Hence we cannot consider, in deciding it, the references made by appellant to the testimony or to a “stipulation” of defendant, or to other asserted facts of the case not appearing in the findings or from the admissions of the pleadings. Thus the frequently mentioned fact, if it be a fact, that the employees in question here are instructors is not before us. Statements of the facts of the ease in this opinion are taken from the findings.
The case arises under a statute adopted in 1935 (Stats. 1935, p. 1226). This statute was amended and named “Unemployment Reserves Act” in 1937. (Stats. 1937, pp. 2052 et seq.) In 1939 it was renamed “Unemployment Insurance Act” (Stats. 1939, p. 1969) and further amended; but as this case arose before the 1939 amendments they do not require consideration here. The act appears in Deering’s General Laws, 1937 edition, and in the 1935 and 1939 supplements to that compilation, as Act 8780cL By the terms of this statute certain “contributions”, as they are denominated, are levied upon employers, the amounts of which are based upon the amounts of “wages” paid by such employers (sec. 37 et seq.), and similar contributions, likewise computed upon the amount of “wages”, are required of employees, which the employers must deduct from wages paid (sec. 44), and the employers are required to pay all these contributions into an unemployment fund. This fund is under the control of the commission which is plaintiff herein and is to be used to pay to unemployed persons certain “benefits” which are likewise computed upon the amount of “wages” they have received. (See. 58.) If any employer fails to pay his own contributions, or to deduct and pay those of his employees, this commission may bring action against him therefor. (Sec. 45.)
This is such an action, and it appears from the findings that the defendant is an educational institution emphasizing military instruction, with 150 cadets ranging in age from 6 to 18 years, and (inferentially, though it is not expressly *Supp. 871 so stated) that they board and lodge upon defendant’s premises. Defendant “requires certain of its employees, for reasons of supervision and discipline ’ ’, to eat meals and lodge with the cadets, the meals and lodging being furnished by defendant. Some of the board and lodging so furnished during the time covered by the action was not considered or reported by the defendant in deducting and paying contributions under the statute above mentioned. In support of this action the plaintiff now claims that such unreported board and lodging were in fact wages and hence the defendant is liable to make the payments sued for in respect to the value thereof. The trial court found that board and lodging were furnished as above stated during 1937 and parts of 1936 and 1938, that $684.72 became due from defendant thereon and that it had paid all but $491.75, for which judgment was rendered. We hold that this judgment was based on correct legal principles and must be affirmed.
There was no express agreement that the board and lodging were to be a part of the employees’ compensation, but these employees were required by their contracts to “accept” them and were “on duty while eating their meals” and “subject to call at all times while receiving the lodging”. Defendant had other employees who did not receive board or lodging and the cash wages were the same in both cases “for the same kind and amount of work performed”, but these other employees were not on duty or on call for supervision and discipline as were those who did receive board and lodging.
Section 11 of the act above mentioned defines the term “wages”. As first enacted in 1935, the definition was: “the amount of money received as compensation for the service rendered, including commissions and bonuses and the reasonable value of board, rent, housing, lodging or similar advantage received from the employer”. The 1937 amendment defined “wages” to mean “all remuneration payable for personal services, including commissions and bonuses and the cash value of all remuneration payable in any medium other than cash”. We cannot ascertain from the findings when the contributions for which judgment was rendered accrued and hence cannot determine whether both or only one of the above quoted definitions must be applied to them. This, however, does not affect our decision, for as far as these definí *Supp. 872 tions affect the present case, we see no substantial difference between them. Either is entirely adequate to include without any doubt meals and lodging furnished by the employer to the employee in return for services rendered.
Defendant’s claim is that the meals and lodging were furnished and consumed merely for the convenience of the employer and hence are not to be reckoned as part of the wages paid. Judicial decisions and administrative rulings are cited to us by the defendant in which this so-called “convenience rule” is followed in applying income tax laws. In some of these eases the facts are not so far from those here as to indicate any certain ground for distinguishing them; but, nevertheless, we prefer not to follow them. The income tax law is purely a revenue measure, and upon the rule of strict construction applied to such laws, its scope may well be restrained to such matters as are clearly covered by it. Here we have a statute which, while it requires a “contribution” that in itself may possibly be regarded as a tax, has a much broader object than the mere raising of revenue. It sets up a scheme for ameliorating the hardships of unemployment, and undertakes, in conjunction with the United States Government, to pay unemployment benefits to those who, without fault of their own, are out of work, to impose the financial burden of doing this upon both employers and employees, and to measure both burden and benefits by the amount of compensation paid to employees when they are working. It is important to the attainment of the last mentioned purpose that the real compensation be not minimized or concealed by embodying it in other forms than money payments. Hence the insertion, in the statutory definitions of “wages” above quoted, of words obviously intended to include therein every benefit or advantage which an employee receives from his employer by reason of the service he renders. In view of the purpose of these provisions they should not be whittled down by narrow construction, nor should exceptions not clearly justified by their language be engrafted upon them by judicial interpretation.
More nearly analogous than the income tax laws to the statute now under consideration are the workmen’s compensation laws. A similar question has arisen in determining what are wages under the laws last mentioned, and the decisions upon it have, in the main, taken a more liberal view than *Supp. 873 those upon income tax laws. In Bernstein v. Beth Israel Hospital (1923), 236 N. Y. 268 [140 N. E. 694, 30 A. L. R. 598], the court had under consideration the New York Workmen’s Compensation Law, which contained a definition of wages substantially the same (except that it did not include the words 11 commissions and bonuses”) as the definition contained in our statute now under consideration when it was first adopted in 1935. Applying this law to an intern in a hospital, who received no pay other than board, lodging and hospital uniforms, and who was under duty to spend his days and nights at the hospital and to render any service exacted by the hospital, within the range prescribed by propriety and custom, the court, speaking through Cardozo, J., held that such intern was an employee and that his right to an award was not defeated by the fact that he received no money for his services, but only lodging, board and uniforms. Since an award under the statute could be made only for a percentage of the compensation (wages, as defined in the statute) received by an employee (a fact not mentioned in the opinion, but appearing on inspection of the statute), this decision necessarily held that the board and lodging there involved were wages, although undoubtedly as clear a case of convenience of the employer from their furnishing appeared as in any decision where the “convenience rule” has been applied.
In 0’Callahan v. Dermedy (1923), 197 Iowa 632 [196 N. W. 10, 197 N. W. 456], where workmen’s compensation was to be computed on the basis of the employee’s “salary, wages or earnings in the employment”, the court held this provision “is sufficiently broad and comprehensive to include board and lodging that are furnished to the employé under the contract of hiring as a part of the compensation”, and therefore the cash value of board and lodging furnished to a hotel clerk should be taken into account in making an award to him.
In American Surety Co. v. Underwood, (1934; Tex. Civ. App.) 74 S. W. (2d) 551, the workmen’s compensation law defined wages as including the market value of board and lodging which the employee receives as part of his remuneration, and it was held that this included amounts paid to a traveling salesman to reimburse him for his expenditures for board and lodging while traveling, although he maintained a home at which he resided when not traveling.
*Supp. 874 In Maryland Casualty Co. v. Geary (1932), 123 Neb. 851 [244 N. W. 797], it appeared that a traveling truck driver received $10 a week plus the cost of his meals and lodging, and the court held that such cost of meals and lodging should be included in his wages in making an award to him under the workmen’s compensation law, in the face of a provision in that law that board and lodging should not be included unless the money value thereof was fixed at the time of hiring. The court said: "Were it not for the statutory limitation above quoted, there would be no doubt that the meals and lodging furnished by the employer would constitute a part of the employee’s weekly wage”, and further held that, on a liberal construction of the law, the same result could be reached notwithstanding the provision referred to.
Other decisions applying the same rule to workmen’s compensation cases are reviewed in a note at 84 A. L. R 188; see, also, Copeland v. Martin Metal Mfg. Co. (1935), 141 Kan. 725 [42 Pac. (2d) 982, 985], to same effect.
Social security laws are so recent that apparently there are no judicial decisions construing them on the point here involved ; at least none are cited to us and we have found none. Two administrative rulings which appear to result from the same view of the matter held by us have been called to our attention. Internal Revenue Cumulative Bulletin 1937-1, at page 380, sets forth an opinion that under the Federal Social Security Act the value of board and lodging, uniforms and laundry furnished to student nurses in a hospital, who receive no salary, is to be regarded as wages.
Another such opinion, published in Internal Revenue Cumulative Bulletin 1938-2, page 323, dealt with board and lodging furnished to employees of a sanitorium located in an isolated mountainous region, who were hired with the understanding that they were to remain available for duty on call and were to "accept” the board and lodging provided. The definition of wages in the federal statute was substantially the same (except that it omitted "commissions and bonuses”) as that contained in the 1937 version of our statute, above quoted. This opinion held that such board and lodging were wages, for the purposes of the federal statute, although there was a regulation excluding from that category "facilities or privileges . . . furnished by the employer merely as a convenience to the employer”, saying, of this regulation, that *Supp. 875 “The provisions do not ordinarily have application to such items as board and lodging. ’ ’ Reference was also made to the fact that many of the employees who did not receive board and lodging received larger cash remuneration than those who did. This, of course, tended to show that the board and lodging were substituted for a part of the money otherwise payable to the employee and were therefore regarded by the parties as compensation.
This suggests, and we think it is true, that the real question arising under the so-called “convenience rule” is whether the board, lodging or other facility furnished to the employee is in fact a part of his compensation for services rendered. If it is, it must be included as a part of his wages, at least under the law now in question, no matter how greatly the employer may be convenienced by the acceptance of such board, lodging or other facility by the employee. Defendant points to the facts found that the employees here who received board and lodging also received the same cash wages as other employees “for the same kind and amount of work performed”, and that the furnishing of board and lodging to the employees who received them “was not treated as a part of the compensation” in the contracts of hiring, or held out as such by the defendant. But neither does it appear that there was any agreement that the board and lodging were not compensation, or that they were furnished solely for the defendant’s convenience. Since the employees “were compelled by the defendant by virtue of their oral contracts of employment to accept said board and lodging”, the contracts must have provided for the board and lodging without declaring whether they were to be regarded as compensation or not. This leaves the question open for consideration by the court, even if we concede that an express contract on the matter would be conclusive. Since the cash pay of those who received board and lodging was for the same kind and amount of services as were performed by the other employees who did not receive board and lodging and those other employees were not on duty or on call for purposes of discipline during meal and lodging times, it is obvious that the employees who did receive board and lodging rendered services not paid for by the cash wages, and that they received no pay at all therefor unless the board and lodging be so regarded. Under such circumstances, the trial court’s conclusion that the board and lodging were wages is a reasonable one and must be affirmed.
*Supp. 876 Appellant points to a rule made by the predecessor of plaintiff in 1936 (rescinded in 1937), directing that the value of living quarters and meals furnished for the convenience of the employer be not considered a part of wages, and to a more recent “Interpretive Opinion” of the present commission which, it is claimed, has the same effect, and argues that the plaintiff is in some way barred from abandoning the position thus taken and from now claiming that the board and lodging here in question were wages. We do not find the positions inconsistent, for the finding of the trial court here is, in effect, that the board and lodging were not furnished solely for the convenience of the employer; and they would therefore not be excluded from consideration by either the rule or the “Interpretive Opinion”. But even were the plaintiff guilty of occupying inconsistent positions, we know of no rule of statute or Constitution which prevents such an administrative board from doing so. Of course if in either position it undertakes to make rules which conflict with the clear meaning of the statute “they are simply void”. [Hodge v. McCall (1921), 185 Cal. 330, 334 [197 Pac. 86].) If an estoppel can arise in such matters the ingredients of it are lacking here, for neither knowledge of nor reliance on the previous declarations of the commission by defendant, nor resulting action taken by it, appears in the record.
The judgment is affirmed, respondent to recover its costs of appeal.
Bishop, J., concurred.