WORTHINGTON CONSTRUCTION COM-
PANY, Inc., Walsh Company, Inc. and Riv-
ers Construction Company, Inc., a Joint
Venture, Appellants,

v.

EMPLOYMENT SECURITY DIVISION,
ALASKA DEPARTMENT OF LABOR,
State of Alaska and Gil Johnson, Commis-
sioner of Labor of the State of Alaska, Ap-
pellees.

No. 582.

Supreme Court of Alaska.

April 28, 1966.

Charles W. Butterfield of Allen, De-
Garmo & Leedy, Seattle, Wash., Harold
J. Butcher, of Butcher & Biss, Anchorage,
for appellants.

Warren C. Colver, Atty. Gen., Juneau,
John N. Brubaker, Dist. Atty., Dorothy A.
Haaland, Asst. Atty. Gen., Anchorage, for
appellees.

Before NESBETT, C. J., and DIMOND
and RABINOWITZ, JJ.

NESBETT, Chief Justice.

The Alaska Employment Security Act
requires employers to make annual con-
tributions to the Employment Security Ad-
ministration Fund based upon the total
amount of wages paid to employees.[1]
Wages are defined by AS 23.20.530(a) in
pertinent part as, " * * * all remunera-
tion for service from whatever source, in-
cluding * * * the cash value of all re-
muneration in a medium other than cash
* * *."

Appellants are contractors who provided
room and board to employees who worked
away from their regularly established
homes. In making their contributions for
1961 and 1962 under the act, appellants
used as a basis for calculation the actual
wages paid to employees, which did not in-
clude money paid to provide room and
board.

The Employment Security Division of the
Alaska Department of Labor assessed ap-
pellants for a deficiency in contribution
based upon the value of room and board
furnished to employees working away from
their homes. Appellants protested but the
assessments were sustained by the Commis-
sioner of Labor. The superior court for the

1. AS 23.20.165 and AS 23.20.170.

Third Judicial District affirmed the Commissioner's holding.

The question is whether "wages" included the value of food and lodging provided by appellants for employees working away from their regularly established homes.

We are of the opinion the value of food and lodging provided by appellants to their employees should have been considered as wages under the circumstances.[2]

Appellants' argument is grounded on AS 23.20.005(b) of the Alaska act which declares it to be the intention of the legislature to cooperate with the appropriate agencies of other states and the federal government in accomplishing the purpose of the act, stated to be that of providing a nationwide employment security program, and particularly to meet the requirements of Title III of the Federal Social Security Act. It is specifically provided that where doubt as to the proper construction of a provision of the Alaska act exists, it shall be resolved in favor of conformity with the requirements of the federal act.

Appellants then point out that the definitions of "wages" under the Federal Insurance Contribution Act[3] and the Federal Unemployment Tax Act[4] of the Internal Revenue Code[5] are similar to the definition under the Alaska act and that under all of the federal acts "wages" does not include traveling expenses, including meals and lodging, incurred in the business of and for the convenience of the employer.

Based upon the authorities below appellants argue that the travel expense exclusion from wages applies to food and lodging furnished to construction workers employed away from their regularly established homes.[6]

We believe that the precedents cited by appellants are applicable only when interpreting statutes involving income and withholding taxes, and not when interpreting statutes establishing social insurance taxes.

The different purposes of the two types of statutes accounts for the different interpretations of the statutory meaning of "wages" which have been made by authorities which we consider to be persuasive.

This difference was perhaps first pointed out in California Employment Comm'n v. Black-Foxe Military Institute.[7] In inter-

---

2. Since the assessments herein were made the act has been amended to exclude subsistence payments from taxable wages under the act where the payments do not exceed the actual expenses of the employee while employed away from home. AS 23.20.530(b) (10), (Cum.Supp. 1965) S.L.A.1965, ch. 88.

3. 68A Stat. 417 (1954), as amended, 68 Stat. 1091 (1955), 26 U.S.C. § 3121(a) (1955).

4. 68A Stat. 447 (1954), 26 U.S.C. § 3306 (b) (1955).

5. Int.Rev.Code of 1954, § 3121(a), as amended, 68 Stat. 1091 (1955), and § 3306(b).

6. 2 Fed.Tax Reg. 31.3121(a)–1(h); 31.-3306(b)–1(h) and 31.3401(a)–1(b) (2) providing that amounts paid specifically for traveling or other bona fide ordinary and necessary expenses incurred in the business of the employer are not wages; Int.Rev.Code of 1954 § 162(a) (2) providing that traveling expenses, including amounts spent for meals and lodging

are deductible from income for income tax computation purposes; Schurer v. Comm'r, 3 T.C. 544 (1944) which involved a deduction from income for income tax purposes; Jennings v. United States, 52 Am.Fed.Tax R. 1478 (D.C. Or.1957) and Mathews v. United States, 213 F.Supp. 932 (S.D.Idaho 1962), rev'd, 332 F.2d 91 (9th Cir. 1964). Also cited by appellants is an undated decision of the Alaska Commissioner of Labor entitled In the Matter of the Alaska Unemployment Security Comm'n v. Northern Corp. which supports their present argument. This decision was not mentioned in the decision of the Commissioner of Labor in the case before us, rendered on October 29, 1963.

7. 43 Cal.App.2d Supp. 868, 110 P.2d 729, 733 (Superior Court 1941) where the court cited as precedent several decisions holding that computation of the amount of awards under workmen's compensation statutes should consider as wages the value of room and board furnished the injured employees.

preting the California Unemployment Insurance Act the court held that the value of room and board furnished to some employees of the military institute who were required to live with the cadets was to be included as wages where the statute defined wages as "all remuneration payable for personal services * * * and the reasonable cash value of all remuneration payable in any medium other than cash"[8] even though the value of the room and board would not be taxable for federal income tax purposes. The California court's reasoning was that an income tax law is purely a revenue measure to be strictly construed and restricted in scope to matters clearly included, whereas a social insurance tax is actually more in the nature of a contribution having the broad social object of ameliorating the hardships of unemployment. The court concluded that including in the definition of "wages" the phrase "the cash value of a remuneration payable in any medium other than cash" indicated an intent that real compensation not be minimized by concealing it in other forms than money payments. The court rejected the "convenience rule" often followed in applying income tax laws.

In Pacific American Fisheries, Inc. v. United States[9] the company furnished room and board to workers at remote cannery sites. The question was whether the value of room and board was to be included as wages under the social security tax law. The "convenience of the employer" rule was rejected and the value of room and board was held to be wages and taxable. The court recognized the same distinction between income tax and social tax statutes as did the California court in *Black-Foxe*.[10]

Since we are adopting the rule of interpretation originally expressed in *Black-Foxe* and followed by *Pacific American Fisheries,* the judgment is affirmed.

8. Cal.Unempl.Ins.Code Ann. § 926 (Deering 1954).

9. 138 F.2d 464 (9th Cir. 1943).

10. Supra note 7. To the same effect: S. S. Kresge Co. v. United States, 218 F.Supp. 240 (E.D.Mich.1963).