*Decisions will be entered under Rule 50.*

ROBERT J. SCHWEIGHARDT AND MARJORIE J. SCHWEIGHARDT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4918–68. Filed June 15, 1970.

Robert J. Schweighardt, pro se.
*Michael J. Christianson*, for the respondent.

**OPINION**

Petitioner takes the position that the mere fact that he was a Fulbright grantee being paid in nonconvertible currency entitled him to deduct his living expenses while in Korea as traveling expenses. He relies on a publication of the Office of International Operations, U.S. Treasury Department—Internal Revenue Service, referred to as Information Guide No. 1 (rev. 5–63),[3] which he states was a ruling made specifically to alleviate an otherwise inequity for Fulbright grantees paid in nonconvertible currency. Petitioner contends that the fact that he is allowed to deduct traveling expenses while away from home should not penalize him by causing him not to be entitled to deduct moving expenses under section 217.

In *Laurence P. Dowd*, 37 T.C. 399 (1961), we held that a Fulbright lecturer who was in Japan from October of 1955 until July of 1957

---

[3] The portion of this document upon which petitioner primarily relies are the following:

"Professional and Teaching Grantees—A Fulbright grant (including amounts received in cash for rail fare from the port of debarkation to the teaching post and the value of transportation to the foreign country furnished in kind by the government) received for the purpose of lecturing or teaching represents compensation for services rendered and accordingly is subject to United States Income Tax. Inasmuch as a Fulbright grant is paid by an agency of the United States Government such grant cannot qualify for exemption from tax under the provisions of law concerning 'presence in a foreign country' or 'foreign residence.'

\*       \*       \*       \*       \*       \*       \*

"The deductibility of expenses incident to a grant arises only when amounts received are includible in gross income. A professor or teacher, regularly employed by an educational institution in the United States who is merely temporarily absent for the purpose of teaching or lecturing abroad may generally deduct the actual cost of all his travel, meals and lodging while away from home. For tax purposes, a taxpayer's home is his regular post of duty or principal place of employment."

under the auspices of the U.S. Educational Commission in Japan was entitled to deduct his living expenses in Japan as traveling expenses while away from home in the pursuit of a trade or business under section 162(a)(2). In so holding we pointed out that "By its very nature, the Fulbright grant was temporary, since it was for a fixed period of 10 months." We further pointed out that although the taxpayer in the Dowd case received an extension of his original grant and remained in Japan for some 21 months there was no indication that he intended to remain indefinitely or permanently in Japan. Our conclusion in *Laurence P. Dowd* that the taxpayer was entitled to deduct his traveling expenses was on the basis that his work as a Fulbright lecturer was temporary. Our holding was in accordance with our holding in a number of cases that in order to be entitled to deduct traveling expenses while away from home in the pursuit of a trade or business under section 162(a)(2) a taxpayer must show that his work at the location where the expenses were incurred was temporary as distinguished from indefinite or permanent. Under our holding in *Laurence P. Dowd, supra,* we conclude that petitioner is entitled to the deduction for his living expenses in Korea as traveling expenses while away from home in the pursuit of a trade or business.

It is therefore necessary to decide whether a deduction under section 217 for moving expenses is allowable to a person who incurs such expenses in transporting his family and household goods to a place at which he was temporarily employed so as to be considered away from home in the pursuit of a trade or business.

Section 217 which was added to the Code by section 213(a)(1), Pub. L. 88-272 (Feb. 26, 1964), to apply to expenses incurred after December 31, 1963, for taxable years ending after that date provides for the allowance as a deduction of moving expenses "incurred during the taxable year in connection with the commencement of work by the taxpayer * * * at a new principal place of work." Respondent in his regulations dealing with allowance of a deduction for moving expenses, section 1.217-1(c)(3)(iii), Income Tax Regs., provides:

In general, a place of work is not considered to be the taxpayer's principal place of work for purposes of this section if the taxpayer maintains an inconsistent position, for example, by claiming an allowable deduction under section 162 (relating to trade or business expenses) for traveling expenses "while away from home" with respect to expenses incurred while he is not away from such place of work and after he has incurred moving expenses for which a deduction is claimed under this section.

Petitioner recognizes and has stipulated that none of the deduction claimed by him as traveling expenses was incurred by him in 1964

while moving to Korea or in 1965 while moving from Korea but was all for expenses while in Korea. Petitioner recognizes that under respondent's regulations Korea would not be considered to be his principal place of work for the purpose of section 217. Petitioner's argument is that this regulation works unfairly in his case since respondent in issuing the Information Guide for Fulbright Grantees has allowed the traveling expenses to be deductible because Fulbright grantees are paid in nonconvertible currency but are not permitted to exclude this payment from their U.S. taxable income.[4]

Petitioner contends that it is inequitable not to allow a Fulbright grantee to deduct moving expenses. He argues that this in effect removes part of the benefits which were intended to be given to him to compensate for the fact of the payment made to him while in Korea being in nonconvertible foreign currency.

Petitioner cites no authority for the reason he gives for respondent's recognizing the right of a Fulbright grantee to deduct his living expenses in a foreign country as traveling expenses. The sections of the Information Guide released by respondent on which petitioner relies do not base the allowance on the fact that a Fulbright grantee is paid in nonconvertible currency but only on the fact that he is temporarily away from home in the pursuit of a trade or business. As above pointed out, it is on the basis that a Fulbright grantee is temporarily away from home in the pursuit of a trade or business that we held his expenses to be deductible in *Laurence P. Dowd, supra*.

In our view respondent's regulation providing that in general a place of work is not to be considered a taxpayer's principal place of work under section 217 if a deduction is allowable for traveling expenses while away from home under section 162 is a reasonable interpretation of the statute. The reference in section 217 to a new "principal place of work" means a new place where the taxpayer will be employed on a permanent or indefinite basis as distinguished from a temporary basis. This is the interpretation of the reference to a new "principal place of work" adopted in respondent's regulation. We therefore sustain respondent in his disallowance of petitioner's claimed deduction for moving expenses. At the request of the parties to enable them to further check payments made by petitioner,

*Decision will be entered under Rule 50.*

---

[4] In *Laurence P. Dowd,* 37 T.C. 399 (1961), we held that the Fulbright grantee, although paid in nonconvertible Japanese currency, was paid by the United States or an agency thereof within the meaning of sec. 911, I.R.C. 1954, and therefore could not exclude from his taxable income such payment.