Philmon A. Clemons and Mary J. Clemons v. commissioner.
Clemons v. Commissioner
Docket No. 138-70 SC.
United States Tax Court
T.C. Memo 1971-26; 1971 Tax Ct. Memo LEXIS 306; 30 T.C.M. (CCH) 114; T.C.M. (RIA) 71026; February 3, 1971, Filed Philmon A. Clemons, pro se, 4927 E. Willetta, Apt. # 4, Phoenix, Ariz. Dennis C. DeBerry, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency of $802.83 in petitioners' income tax for the taxable year ending December 31, 1968. The sole issue before us concerns the deductibility as ordinary and necessary business expenses under section 162(a)(2) [1] of certain amounts expended by one of the petitioners during the year in question. Findings of Fact Some of the facts have been stipulated and *307 are found accordingly. The petitioners, Philmon A. Clemons and Mary J. Clemons, were residents of the state of Arizona at the time the petition herein was filed. For their taxable year 1968, their joint income tax return was timely filed with the district director of internal revenue, Phoenix, Arizona. Petitioner Philmon A. Clemons (hereinafter Philmon) moved to Phoenix, Arizona, in 1962. Between 1962 and December 1967, he worked as a bartender, spot welder, and packer inspector and at different jobs building house trailers. He was frequently laid off. In December 1967, Philmon responded 115 to an advertisement in a Phoenix newspaper and secured a job as an assistant maintenance mechanic at a mine operated by Kaiser Steel Corporation in Eagle Mountain, California. He sought this employment because he could not find employment in the Phoenix area, and he wanted to obtain experience and learn a new trade which he thought was more stable. Philmon hoped that the experience gained at Eagle Mountain would enhance his ability to secure steady employment in the future because his job record would then show he possessed a specific skill rather than just indicating he was a "jack of *308 all trades." He also hoped to improve his employment record by sustained work at a steady job. His plans were to remain at Eagle Mountain indefinitely until he was able to secure a steady job in Phoenix. Eagle Mountain, California, is more than two hundred miles from Phoenix, Arizona. During 1968, while Philmon was employed at Eagle Mountain, his wife remained in Phoenix, where she was employed, and continued to reside in the family home. Philmon returned to Phoenix almost every weekend. When Philmon accepted employment at Eagle Mountain, he was currently employed in Phoenix by Reynolds Metals as a packer inspector. He had held this job for approximately fifteen months, including several periods during which he had been laid off. The job at Eagle Mountain was characterized as "permanent" by Kaiser Steel Corporation. It involved a probationary or training period, the length of which varied with each individual. After working at Eagle Mountain for approximately fifteen months, Philmon quit and returned to Phoenix. The immediate cause of his termination was his inability to secure leave to return to Phoenix to handle some family problems. Upon his return, petitioner obtained employment *309 as a plate assembler and later with a mining company in connection with the maintenance of mining equipment. While working at Eagle Mountain in 1968, petitioner spent the following amounts for meals, lodging, and travel between Eagle Mountain and Phoenix: Meals
$1,300.00
Lodging
910.00
Travel 1,780.00
Total
$3,990.00
Ultimate Finding of Fact Philmon was not temporarily away from home in the pursuit of a trade or business. Opinion The precise issue before us is whether expenditures for lodging, meals, and travel, which respondent concedes were incurred by Philmon while he was employed at Eagle Mountain, are deductible under section 162(a)(2). In order for petitioner's expenses to be deductible, they must have been incurred while "away from home." Commissioner v. Flowers, 326 U.S. 465, 470 (1946). The duration of the stay away from home must be "temporary" and not "indefinite." For the "temporary" characterization to apply, it must be foreseeable that the period away from home will terminate within a fixed or reasonably short period of time. E. g., Robert J. Schweighardt, 54 T.C. 1273 (1970); Emil J. Michaels, 53 T.C. 269 (1969). *310 Compare Walter P. Stricker, 54 T.C. 355 (1970), on appeal (C.A. 6, May 25, 1970); Ronald D. Kroll, 49 T.C. 557 (1968). Philmon's stated purpose for accepting the Eagle Mountain employment was threefold: (1) He wanted a steady job; (2) he wanted to gain experience which would enable him to improve his employability in the Phoenix area; (3) he wanted to improve his job record by remaining at one job for a substantial period of time. Based upon our evaluation of his testimony in light of these objectives, we are unable to conclude that there was any substantial possibility that Philmon thought his employment at Eagle Mountain was likely to terminate within a reasonably short time. Furthermore, there was a substantial probability from the outset that Philmon would remain at Eagle Mountain for a much longer period than he in fact stayed. The job Philmon accepted was characterized as "permanent" by his employer. We cannot see how Philmon could have gained the experience he was seeking or improved his employment record within a reasonably short period. Although it is unclear how much new training was involved, there was some sort of probationary or training period *311 for the Eagle Mountain job. Philmon testified that this period was just ending when he left Eagle Mountain in 1969. Moreover, to the extent Philmon wished to improve his job record by keeping the same job for a substantial period of time, this purpose would hardly have been served if he had not remained at Eagle Mountain for more than a short period. Finally, Philmon testified 116 that he was not certain how much longer he would have remained at Eagle Mountain had not personal problems unrelated to his job caused him to return to Phoenix. We do not believe that Harvey v. Commissioner, 283 F. 2d 491 (C.A. 9, 1960), reversing 32 T.C. 1368 (1959), dictates a contrary result. Compare Jack E. Golsen, 54 T.C. 742 (1970), on appeal (C.A. 10, May 10, 1970). At the outset, we note that this case does not involve a taxpayer who was transferred by an existing employer to another location for temporary duty. See Doyle v. Commissioner, 354 F. 2d 480, 482 (C.A. 9, 1966), affirming a Memorandum Opinion of this Court. Moreover, under the circumstances herein, it would not have been an unreasonable burden on Philmon to relocate his family. [2] *312 See Ronald D. Kroll, supra, 49 T.C. at 562-563. As we have already pointed out, there appeared to have been no substantial probability that the duration of the stay would be any shorter than the fifteen months during which Philmon in fact remained at Eagle Mountain; indeed, from the outset, the probability was that the duration would be considerably longer. Such a situation is quite different from that which was evidenced in Harvey v. Commissioner, supra, where, although the duration was indefinite, there was a substantial probability that it would be quite short and almost no chance that it would be for a long period of time given the nature of that taxpayer's employment. Harvey v. Commissioner, supra, at 495-496. See also, Wills v. Commissioner, 411 F. 2d 537, 540-541 (C.A. 9, 1969), affirming 48 T.C. 308 (1967); Doyle v. Commissioner, 354 F. 2d 480 (C.A. 9, 1966), affirming a Memorandum Opinion of this Court; Walter J. Stricker, supra, 54 T.C. at 362. Compare Mathews v. United States, 213 F. Supp. 932 (D. Ida. 1962). The fact that Philmon's wife continued her employment in Phoenix *313 is of no help to petitioner's case. Robert A. Coerver, 36 T.C. 252 (1961), affirmed per curiam, 297 F. 2d 837 (C.A. 3, 1962); Arthur B. Hammond, 20 T.C. 285 (1953), affd. 213 F. 2d 43 (C.A. 5, 1954).
On the basis of the record as a wholc and our evaluation of Philmon's testimony, we conclude that petitioners have failed to satisfy their burden of proof that Philmon was "away from home" during the taxable year in question. In view of our determination, we need not address ourselves to the further question of the scope of the category of "trade or business" in which a taxpayer must establish himself in order to meet the requirements of section 162. [3]
Decision will be entered for the respondent. Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954, as amended.↩
2. Although there was no testimony in respect thereto, the petitioners' tax return indicates that at least one other dependent lived with them.↩
3. Compare Barry Reisine T.C. Memo. 1970-310↩, and the cases cited therein.