ALVIN L. GOLDMAN and ELISABETH C. GOLDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldman v. Commissioner
Docket No. 5538-71.
United States Tax Court
T.C. Memo 1973-132; 1973 Tax Ct. Memo LEXIS 155; 32 T.C.M. (CCH) 574; T.C.M. (RIA) 73132; June 19, 1973, Filed Alvin L. Goldman, pro se. Ferdinand J. Lotz, III, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1968 in the amount of $152.38. The issues for decision are: (1) Whether expenses incurred by petitioners in transporting their household goods from Washington, D.C., where one of petitioners was temporarily away *156 from home in the pursuit of a trade or business within the meaning of section 162(a) (2)[1] to Lexington, Kentucky where 2 he was employed as a professor on a year's leave of absence, are deductible as moving expenses under section 217. (2) In the alternative, whether the portion of the cost of moving household goods which the petitioner who was employed in Washington, D.C. would have moved even if he were single individual is allowable as an ordinary and necessary business expense under section 162. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who filed their joint Federal income tax return for the calendar year 1968 with the Internal Revenue Service Center at Cincinnati, Ohio, resided at Lexington, Kentucky at the time they filed their position in this case. Alvin L. Goldman (hereinafter referred to as petitioner) is a Professor of Law at the University of Kentucky and was so employed during the taxable year 1968. In August 1967 petitioner, while on a 1-year leave of absence from the University of Kentucky, commenced employment *157 as a Professor in Residence on the staff of Member Zagoria, National Labor Relations Board, Washington, D.C., for a period not to exceed 1 year. At that time, petitioner moved himself, his wife, and one child and their household goods from Lexington, Kentucky to an unfurnished apartment in Washington, D.C. Prior to moving their household goods to the District of Columbia in 1967, petitioner had rented a 2-bedroom unfurnished apartment in Lexington, Kentucky. Upon moving, they terminated their lease on this apartment. 3 Petitioners investigated the cost of storing their household goods in Lexington and renting furnished quarters in the District of Columbia and the cost of moving their household goods and renting unfurnished quarters in Washington, D.C. Petitioners concluded that the cost would be about the same and decided to move their household goods. In August 1968 petitioner terminated his employment in Washington, D.C. and returned to Lexington, Kentucky, moving himself, his wife and child, and their household goods back to that city.Petitioners rented a 3-bedroom apart in Lexington, Kentucky upon their return, and petitioner resumed his duties as Associate Professor *158 of Law at the University of Kentucky. During the period August 1967 through August 1968, petitioner's "tax home" remained Lexington, Kentucky, and while in Washington, D.C. he was "temporarily away from home" within the meaning of section 162. On his Federal income tax return for the calendar year 1967, petitioner claimed a total of $2,469.72 as a deduction for travel expenses of which all except approximately $55 was composed of costs of meals, lodging, and incidental expenses of petitioner in Washington, D.C.The deduction claimed by petitioner for lodging was for 7-1/2 months at $200 per month and for meals was for 34 weeks at $21 per week. On the basis that petitioner was away from home within the meaning of section 162, respondent allowed the deduction claimed by petitioner for all the traveling expenses claimed on his return as expenses while in Washington, D.C. Petitioner, on his return, claimed, in addition to his expenses in Washington, D.C., $726.76 as moving expenses from 4 Washington, D.C. to Lexington, Kentucky, for the cost of moving himself, his wife, his child, and his household furnishing from Washington, D.C. to Lexington, Kentucky. The total amount of *159 the claimed expenses was actually incurred by petitioner. Respondent disallowed all except $82.30 of these claimed expenses. The $82.30 which respondent did not disallow consisted of automobile mileage at 10 cents per mile and lodging and meals for petitioner. The actual cost of lodging and meals for petitioner on the trip from Washington, D.C. to Lexington, Kentucky was $8 in excess of the amount allowed by respondent, making the total cost of petitioner's transportation, lodging, and meals on this trip $90.30. The cost of moving household goods which would have been moved by petitioner even if he were a single individual is $490.75 excluding the $90.30 cost of transportation, food, and lodging for petitioner on the trip from Washington, D.C. to Lexington, Kentucky. These costs are composed of moving costs for household furnishings of various types such as bedroom, living room and dining room furniture, pictures, dishes, a typewriter, and some books. OPINION Petitioner's primary position is that even though he was away from home within the meaning of section 162 while he was in Washington, D.C. and he was returning to his "tax home" in Lexington, Kentucky when he returned *160 from Washington to Lexington, he is entitled to the claimed deduction for moving expenses under the provisions of section 217(a)[2] 5 since his moving expenses were paid in connection with the commencement of work "at a new principal place of work." Respondent takes the position that petitioner's expenses were not incurred in connection with the commencement by him work at a new principal place of work. Respondent contends that since petitioner was temporarily away from home within the meaning of section 162 while he was in Washington, D.C., and was during the period August 1967 to August 1968 merely on a 1-year leave of absence from the University of Kentucky where he was employed as a professor that Lexington, Kentucky to which petitioner moved his furniture in August 1968 was not a "new principal place of work" for petitioner within the meaning *161 of section 217. Respondent specifically relies on the provisions of section 1.217-1(c) (3) (iii), Income Tax Regs: (iii) In general, a place of work for purposes of this section if the taxpayer maintains an inconsistent position, for example, by claiming an allowable deduction under section 162 (relating to trade or business expenses) for traveling expenses "while away from home" with respect to expenses incurred while he is not away from such place of work and after he was incurred moving expenses for which a deduction is claimed under this section. Respondent points out that in Robert J. Schweighartd, 54 T.C. 1273 (1970), we specifically held this provision of respondent's regulations to be a reasonable interpretation of the statute and sustained respondent's disallowance of a moving expense deduction claimed by a Fulbright scholar for moving household effects and his family from Korea back to the United States since the taxpayer had been considered to be away from home in the pursuit of a trade or business within the provisions of section 162(a) *162 (2) while he was in Korea. 6 Petitioner recognizes that there is no factual distinction in the instant case and the Schweighartd case but asks that we reconsider our holding in the Schweighardt case in the light of his argument. Petitioner argues that respondent's regulation equates the words "principal place of work" with the words "principal place of employment" which has been used in a number of cases as being the definition of "home" within the meaning of section 162. See, for example, Emil J. Michaels, 53 T.C. 269, 273 (1969), and cases there cited, in which we pointed out that we have consistently held that "home" in section 162(a) (2) "means the taxpayer's principal place of employment" but have also recognized an exception to this rule and considered "that the taxpayer's principal place of work is not his "home" for the purpose of section 162(a) (2) when his employment there is only "temporary," as distinguished from "indefinite" or "indeterminate"." (Emphasis supplied.) It will be noted therefore that even though we have used the terms "principal place of employment" and "principal place of work" interchangeably at times, we have not, as petitioner *163 maintains, equated these terms with the word "home" as used in section 162(a) (2) where a taxpayer's "principal place of work" was temporary employment as in the case of this petitioner while in Washington, D.C. It is noted, however, that section 217 refers to moving expenses in connection with "the commencement of work" by the taxpayer at "a new principal place of work." In our view this provision carries with it the idea of beginning work at a new place not merely returning to a place and an employment from which petitioner had been away on a leave of absence in order that he 7 might be temporarily employed for a short, definite period at another place of employment. We therefore conclude that we correctly held in Robert J. Schweighardt, supra, that respondent's regulation is a reasonable interpretation of the statute. We have not overlooked, in reaching our conclusion, petitioner's argument supported by citations to the legislative history of section 217 that Congress viewed the enactment of section 217 as encouraging labor mobility as well as equalizing tax treatment between employees who were reimbursed for moving expenses and those who were not. In our *164 view respondent's regulation is not offensive to this purpose of Congress since it is directed only to those situations in which a taxpayer is moving to and from a place that he has considered to be away from his home or his indefinite principal place of employment by claiming and being allowed a deduction under section 162 for traveling expenses "while away from home." The allowance of a deduction for traveling expenses including meals and lodging while away from home is in itself the allowance of a deduction of an item that would except for the statutory provision be at least to some extent not deductible because of being a personal or family expense. The statute allows this deduction even though the taxpayer is living with his family in an apartment at the place of his temporary employment and has no duplicative living costs as does a person most often when he is away from home in pursuit of a trade or business. While the personal choice of a taxpayer at a temporary station to move his family to that temporary location rather than to be separated from his family does not cause him 8 *165 to forfeit his deduction for travel expenses provided for under section 162(a) (2), when he returns from the temporary employment and moves his family back to the place of his regular employment, he has not incurred moving expenses in connection with the commencement of work at a "new principal place of work." Whether a taxpayer chooses to move his family to a place where he is temporarily employed or chooses not to move his family, is a personal decision, and if he chooses to move his family, the family expenses including the moving expenses are a personal expense. Cf. Commissioner v. Flowers, 326 U.S. 465 (1946). Since in our view the moving expenses of petitioner's household furnishings and his family to and from his place of temporary employment are personal expenses which do not fall within the deduction allowed by section 217, we sustain respondent's disallowance of petitioner's moving expenses. Petitioner in his alternative contention argues that since he would have had $490.75 of moving expenses for furniture and items which he would have moved even if he had been single, this amount should be allowed as a deduction under section 162 as an ordinary and necessary *166 business expense incidental to his travel away from home. Petitioner states that certainly excess baggage paid by a person on a trip away from home would be considered an ordinary and necessary travel expense and that in his case the moving of furnishings should be equated with the excess baggage costs which might be allowed. We need not pass on whether, or to what extent, a taxpayer might be allowed costs of moving certain objects to a place of temporary work where a showing is made 9 that it was necessary for him to move these objects and that moving these objects was an ordinary expense. Petitioner testified that for his family's living arrangements, he and his wife determined that it was about equally costly to move his furniture to Washington as it would have been to store that furniture and rent a furnished apartment in Washington. However, petitioner made no showing as to any necessity of moving furniture and obtaining unfurnished quarters in Washington, D.C. for himself alone. [3]
*167 Since petitioner has totally failed to show that the cost of moving the furnishings that he would have moved had he been single is an ordinary and necessary business expense under the facts of this case, we need not decide whether under any circumstances such an item of expense might be deductible as an ordinary and necessary travel expense while away from home in the pursuit of a trade or business. Because of respondent's concession of a slight increased deduction for petitioner's traveling expenses from Washington, D.C. to Lexington, Kentucky, Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. Sec. 217(a)↩ Deduction allowed. - There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee at a new principal place of work. 3. Petitioner stated in the record, in response to a question from respondent's counsel, that in another return not in this record he had attached a letter from a rental agent as to the cost of renting a 1-bedroom apartment and that it was that figure that was used for the deduction on the cost of rental. This testimony is far from sufficient to show any necessity for petiitioner's moving furniture as distinguished from renting a furnished apartment or what the rental cost of a furnished apartment in Washington, D.C. for one person would be. ↩