BRUCE A. PAPPAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pappas v. Commissioner
Docket No. 5525-73.
United States Tax Court
T.C. Memo 1975-169; 1975 Tax Ct. Memo LEXIS 203; 34 T.C.M. (CCH) 749; T.C.M. (RIA) 750169; May 29, 1975, Filed Robert W. Brundige, Jr., for the petitioner. Robert E. Marum, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $1,217.51 in petitioner's Federal income tax for 1970. The sole issue for decision is whether certain expenses incurred by petitioner for lodging, meals, tips, and laundry were made while petitioner was "away from home" in the pursuit of a trade or business within the meaning of section 162(a)(2). *204 [1]/ All the facts are stipulated. At the time his petition was filed, petitioner resided at 78 Glen Avenue, Ottawa, Ontario, Canada. He filed a timely Federal nonresident alien income tax return for 1970 with the Director of International Operations of the Internal Revenue Service. At all times relevant to this proceeding, petitioner was, and continues to be, a citizen of Canada. In 1968, prior to coming to the United States, he was a graduate student and employee in the Department of Psychology at Queens University in Kingston, Ontario, Canada. On August 31, 1968, petitioner entered the United States possessing a J-1 visa under Exchange Visitor Program No. P-I-2194. He came to this country to participate in an exchange visitor postdoctoral program in the field of psychology at the Rockefeller University in New York City. This program provides courses of study, practical training, lecturing, and research for qualified foreign students, trainees, professors, and specialists. The initial period of stay in the United States authorized *205 under this program and the immigration laws of the United States is 1 year. An exchange visitor whose authorized stay in the United States expires before the completion of his program may apply for extensions lengthening the stay to a maximum of 3 years. Petitioner was hired on September 1, 1969, with the clear understanding that he would remain for a maximum period of 3 years. He received a salary of $13,000 per annum. Petitioner applied to the immigration authorities and was granted extensions of his stay in the United States so that he remained in this country for the maximum 3-year period. He returned to Canada in August 1971, where he has continued his profession in psychology at Carlton University in Ottawa, Ontario, Canada. During petitioner's stay in the United States, he incurred no expenses for a home or apartment in Canada. His personal effects and furniture were stored in Canada at a total cost of $536.59. While in the United States, petitioner incurred expenses for lodging, meals, tips, and laundry. He deducted those expenses on his 1970 Federal income tax return in the following amounts: Lodging
$1,560
Meals
2,080
Tips
182
Laundry
312
Total
$4,134
*206 Respondent disallowed the deductions and determined the disputed deficiency. Petitioner relies upon section 162(a) [2]/ which allows as a deduction traveling expenses, including meals and lodging, incurred while "away from home" in the pursuit of a trade or business. He contends that he was away from home during his "temporary" stay in the United States and is thus entitled to the disallowed deductions. Respondent argues that while petitioner was admittedly carrying on his trade in the United States, his home for tax purposes was his abode in New York City, in the vicinity of his place of business. Thus, according to respondent, petitioner was not "away from home" within the meaning of section *207 162(a)(2). We agree. Expenses incurred for lodging and meals are normally treated as personal expenses which are not deductible under section 162(a)(2). See sec. 1.262-1(b)(3) and (5), Income Tax Regs. However, where the exigencies of business require a taxpayer to travel "away from home" in pursuit of his trade, section 162(a)(2) allows the resulting travel expenses as a deduction. A taxpayer's "home," as that term is used in section 162(a)(2), is his abode in the vicinity of his employment, not necessarily his domicile. Lloyd G. Jones,54 T.C. 734 (1970), affd. 444 F.2d 508, 509 (5th Cir. 1971); York v. Commissioner,160 F.2d 385 (D.C. Cir. 1947); Emil J. Michaels,53 T.C. 269, 273 (1969); Ronald D. Kroll,49 T.C. 557, 561-562 (1968). Thus, since petitioner was employed in New York City during 1970, his abode in that city was his tax home during that year. One exception has been engrafted onto this general rule: A taxpayer's residence at the principal location of business is not his "home" if his employment at a particular location is only temporary and of short duration, as opposed to indefinite *208 or substantial. Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963); Commissioner v. Peurifoy,254 F.2d 483, 486-487 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958); Ronald D. Kroll,supra at 562; Lloyd G. Jones,supra at 740. Petitioner attempts to fit his case within this exception by arguing that his stay in the United States was limited to 3 years and was thus "temporary." His permanent home, he argues, was Canada. While we do not doubt the sincerity of petitioner's intention to return to Canada (as he did at the end of his 3-year stay), we think his tax home for 1970 was New York City. The primary purpose of section 162(a)(2) is to mitigate the burden of the taxpayer who is required by his business to maintain two residences, thereby incurring duplicate living expenses. United States v. Mathews,332 F.2d 91, 93 (9th Cir. 1964); James v. United States,308 F.2d 204, 207 (9th Cir. 1962); see also Leo M. Verner,39 T.C. 749, 754 (1963). The provision is not designed to benefit an employee who relocates in a new *209 area for a substantial period of time and thus has no home from which to be away. Ronald D. Kroll,supra at 562; Lloyd G. Jones,supra at 740. Though limited, the 3-year duration of petitioner's stay in the United States was substantial, not "temporary" or of "short duration." Moreover, while residing in New York, petitioner incurred no duplicate living expenses other than a storage charge for his furniture and personal effects. While Canada remained his domicile, his abode near his post of duty in New York became his residence and tax home. Accordingly, he was not "away from home" in 1970 and was not entitled to deduct the personal living expenses he incurred during the pendency of his stay in New York. Petitioner relies heavily upon Laurence P. Dowd,37 T.C. 399 (1961), and Robert J. Schweighardt,54 T.C. 1273 (1970). Those cases are distinguishable. In Dowd, the taxpayer continued to own his residence in the United States while employed as a Fulbright lecturer in Japan, for a term of only 10 months which was later extended to a total of 21 months. See also Emil J. Michaels,supra at 274. *210 In Schweighardt, the taxpayer's period of employment on a Fulbright grant was only 1 year, after which he returned to his former residence. In both of those cases, the taxpayer was paid in nonconvertible foreign currency. According to a letter signed by the head of the laboratory in which petitioner was employed during 1970, petitioner was hired "with the clear understanding that he would remain a maximum period of three years." The 3-year period was substantial; petitioner maintained no other abode during that time, and he was paid in United States dollars. On these grounds, Dowd and Schweighardt are distinguishable. The facts of the instant case are more nearly analagous to those in Lloyd G. Jones,supra. In that case, an employee of Mobil Oil Corporation was granted a 3-year incentive fellowship to enable him to seek a doctorate in chemical engineering at Ohio State University. He and his family lived in rented houses near the campus during the 3-year period. Because there was no duplication of living expenses and the period of his stay at Ohio State was "substantial" as opposed to "temporary," this Court held that he was not away from home while *211 pursuing his studies. The same reasoning compels the conclusion that the petitioner in the instant case was not away from home while working in New York during 1970. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue, unless otherwise noted.
2. / SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- * * * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * * * * * * *↩