Alvin L. GOLDMAN and Elisabeth C. Goldman, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 73–2079.

United States Court of Appeals, Sixth Circuit.

Argued April 8, 1974.

Decided May 30, 1974.

Alvin L. Goldman, pro se.

Jonathan S. Cohen, Washington, D. C., for respondent-appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Arthur L. Bailey, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief; Lee H. Henkel, Chief Counsel, Internal Revenue Service, Washington, D. C., of counsel.

Before PHILLIPS, Chief Judge, EDWARDS and McCREE, Circuit Judges.

PHILLIPS, Chief Judge.

Mr. and Mrs. Alvin L. Goldman (taxpayers) appeal from an adverse decision of the United States Tax Court, upholding the Commissioner's determination of a $150.50 deficiency in taxpayers' 1968 joint federal income tax return. We affirm.

For a comprehensive statement of the facts, reference is made to the opinion of Judge Irene E. Scott. T. C. Memo 1973–132.

Mr. Goldman, a law professor at the University of Kentucky, located in Lexington, Kentucky, took a year's leave of absence beginning in August 1967 to join the staff of a member of the National Labor Relations Board in Washington, D. C. Mr. Goldman moved his wife and child to Washington where the family resided for approximately one year. In August 1968, the family returned to Lexington where Mr. Goldman resumed his professorial duties.

On their joint income tax return for 1968, taxpayers claimed deductions un-

der § 162(a)(2) of the Internal Revenue Code of 1954, 26 U.S.C. § 162(a)(2), in the amount of $2,469.72 for travel expenses incurred while temporarily "away from home" in pursuit of a trade or business. Most of these deductions were for expenses incurred while in Washington, e. g., lodging for seven and a half months during 1968 at $200 per month, meals for Professor Goldman (34 weeks at $21 per week), etc. The Commissioner allowed all of these claimed deductions.

In addition, taxpayers also claimed a deduction on their 1968 return of $726.75 for the expenses of moving from Washington back to Lexington. Taxpayers asserted that these moving expenses were deductible under § 217(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 217(a), as moving expenses paid in commencement of employment "at a new principal place of work." The Commissioner disallowed all of these claimed expenses except $82.30, which amount represented Mr. Goldman's separate travel expenses on the trip from Washington to Lexington.

Thereafter, the Commissioner asserted a deficiency of $152.38, and the taxpayers initiated this action in the Tax Court. Judge Scott rejected the contentions of the taxpayers but, consistent with a concession of the Commissioner with respect to Mr. Goldman's actual travel expenses from Washington to Lexington, reduced the deficiency to $150.50.

On appeal to this court, taxpayers make two contentions: 1) They should be permitted to deduct under § 217 their personal and family moving expenses incurred in returning from Washington to Lexington. 2) If those moving expenses are not deductible under § 217, then that portion of those expenses which are attributable to Mr. Goldman should be deductible as "away from home" travel expenses under § 162(a)(2). We reject both contentions.

Section 1.217–1(c)(3)(iii), Income Tax Reg., which squarely governs disposition of this case, provides as follows:

"In general, a place of work is not considered to be the taxpayer's principal place of work for purposes of this section if the taxpayer maintains an inconsistent position, for example, by claiming an allowable deduction under section 162 (relating to trade or business expenses) for traveling expenses 'while away from home' with respect to expenses incurred while he is not away from such place of work and after he has incurred moving expenses for which a deduction is claimed under this section."

In Schweighardt v. Commissioner, 54 T. C. 1273 (1970), the Tax Court, per Judge Scott, specifically upheld this regulation.

■ Congress has delegated to the Commissioner the responsibility for prescribing "all needful rules and regulations for the enforcement" of the Internal Revenue Code. 26 U.S.C. § 7805(a). When, as here, Congress has expressly delegated authority to the Commissioner to promulgate regulations under a specific Code section, the resulting legislative regulations are accorded even greater weight than that normally accorded interpretative regulations. 1 Mertens, Law of Federal Income Taxation, § 3.20, at 41 (Rev. ed. 1969).

Section 1.217–1(c)(3)(iii) of the regulations is consistent with § 217 of the Code and its underlying congressional purpose. The regulation, in effect, provides that taxpayer's employment at a new location be on a permanent or indefinite basis and not merely temporary in order to meet the "new principal place of work" requirement of § 217. This regulation is entirely consistent with § 217, which obviously was designed to preclude a deduction for expenses in moving to temporary job sites. In fact, § 217(c)(2) of the Code provides that the deduction is not allowed unless the taxpayer is employed full

time at the new location for 39 weeks in the twelve month period following the move. See also H.Rep.No.749, 88th Cong., 1st Sess., p. 60 (1964–1 Cum.Bul. (Part 2) 125, 184).

■ In this case, although taxpayers resided in Washington more than the requisite 39 weeks, they were permitted to deduct certain Washington expenses under § 162 for being "away from home". It would be patently inconsistent with the language and intent of § 217 to allow them to deduct under § 217 moving expenses to a *"new* principal place of work" when, in fact, they were returning to their previous home, Lexington. We, therefore sustain Income Tax Reg. 1.217–1(c)(3)(iii) and affirm the Tax Court's denial of taxpayers' claimed § 217 deductions.

With respect to taxpayers' alternative contention, Wilson v. Commissioner of Internal Revenue, 412 F.2d 314 (6th Cir. 1969) controls. In Wilson, this court followed Commissioner of Internal Revenue v. Dodd, 410 F.2d 132 (5th Cir. 1969) which held that unreimbursed moving expenses are not deductible as ordinary and necessary business expenses under § 162(a) or as travel expenses while away from home under § 162(a)(2).

Assuming that taxpayers were able to prove that the cost of moving Mr. Goldman's furnishings from Washington to Lexington is an ordinary and necessary business expense under the facts of this case, *Wilson* would preclude taxpayers' use of the § 162 deduction. Accordingly, the Tax Court's denial of taxpayers' claimed § 162 deduction is affirmed.

■ We agree with the Tax Court that the taxpayers should not be allowed double tax relief which was not intended by Congress. Taxpayers were permitted to deduct such Washington living expenses as rent, meals and laundry on the basis that they were away from home. The sum of these deductions which were allowed approximated four times the amount of the disallowed deductions. Taxpayers contend that the decision of the Tax Court impairs labor mobility. We find no such impairment under the facts of this case. In any event, this is a matter for concern of the Congress not of the courts.

Affirmed.