CHARLES R. AND FLORINE J. DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 8227-77.
United States Tax Court
T.C. Memo 1979-47; 1979 Tax Ct. Memo LEXIS 479; 38 T.C.M. (CCH) 189; T.C.M. (RIA) 79047; February 5, 1979, Field Charles R. Davis and Florine J. Davis, pro se. Neal O. Abreu, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 3,185 in petitioners' Federal income tax for the year 1975. The issues for decision are: (1) Whether *481 petitioners are entitled to deduct traveling expenses while away from home in connection with temporary employment in Maryland and Michigan during 1975; (2) whether petitioners are entitled to a moving expense deduction for the husband's commencement of temporary work in Maryland in September 1974 and his temporary work in Michigan in September 1975; (3) whether petitioners are entitled to a child care expense deduction for amounts paid to their daughters, sons, and daughters-in-law for the care of their minor daughter, Mimi, who was then 8 years of age; and (4) the amounts of losses attributable to two separate thefts of petitioners' property in Arnold, Maryland, and Troy, Michigan, in 1975. FINDINGS OF FACT Some of the facts were stipulated by the parties and are so found. Charles R. Davis and Florine J. Davis (petitioners) are husband and wife whose legal residence was Calabasas, California, when they filed their petition in this case. From 1966 until September 1974 the petitioners resided at 8365 Marla Avenue, Canoga Park, California. R-D Mounts, Inc., a corporation controlled by petitioners had its principal office located in Canoga Park, California. This corporation *482 manufactured marine fenders and various shock and vibration equipment. In 1975 Mr. Davis was president and treasurer and Mrs. Davis was vice president and secretary of R-D Mounts, Inc. In 1969 the corporation entered into various contracts with government agencies which were later terminated by the government. During 1974 and 1975 petitioners were attempting to negotiate settlements for the corporation and to collect damages allegedly suffered by it with respect to the contract terminations. Petitioners received no income, dividends or salary from R-D Mounts, Inc. during 1975. The corporation conducted no manufacturing business in that year. In September 1974, Mr. Davis accepted temporary employment with Hepco, Inc., as an advisory engineer to Westinghouse in their Annapolis Research Plant. For the first 3 weeks Mr. Davis lived in a motel at a cost of $ 90 per week. He then rented a room in a private home for about 4 weeks (at a cost of $ 35 per week) where he was joined by Mrs. Davis. In November 1974, petitioners rented an apartment in Arnold, Maryland, where they lived until August 1975. The monthly rental on the apartment was $ 240. The temporary job with Hepco, Inc. *483 terminated at the end of May 1975. Mr. Davis had the job with Hepco for less than 39 weeks. During the period they lived in Arnold, Maryland, the petitioners actively pursued the settlement and negotiations on the contracts of R-D Mounts, Inc. From May 31, 1975 until September 1975, Mr. Davis was out of work except for part-time services performed for R-D Mounts, Inc. On or about August 17, 1975, petitioners drove from Arnold, Maryland, to Warren, Michigan, a suburb of Detroit. This trip was made to locate new housing in connection with a job offer Mr. Davis had received to work as a consulting engineer at the General Motors plant in Detroit. Petitioners stayed in Warren about 1 week but were unable to locate suitable housing. They drove back to their apartment in Arnold, Maryland, but later Mr. Davis decided to accept the job in Detroit. Mr. Davis' employer for the General Motors job was Ian Martin, Inc.He was told the employment would last about 3 months. His duties were to give engineering analyses with respect to rapid transit projects that General Motors contemplated. The job began in early September and terminated in December 1975. The job was held for less than *484 39 weeks. Petitioners returned to California in January 1976. Petitioners rented a three-bedroom condominium while they were in Warren, Michigan. Petitioners paid allowable traveling expenses, including meals and lodging, while away from their tax home (California) on the temporary jobs in Maryland and Michigan in the total amount of $ 10,677.20 during 1975. Petitioners incurred various expenses, totaling $ 895.76, in connection with their moves to Maryland and Michigan. They claimed a moving expense deduction of $ 3,110 on their Federal income tax return. While the petitioners were in Maryland they paid about $ 2,700 to their daughters, sons, and daughters-in-law all of whom lived in California, to care for their daughter, Mimi, who was then 8 years old. Mimi joined the petitioners after they moved to Warren, Michigan, in September 1975. On their income tax return the petitioners claimed a child care expense deduction of $ 2,000, which was disallowed by respondent. On or about April 10, 1975, the petitioners' apartment in Arnold, Maryland, was burglarized. This was discovered by the Anne Arundel County police. The property stolen or damaged consisted of a stereo *485 set, television set, vacuum cleaner, wall clock, golf clubs, blankets, and sheets. The total value of such property for theft loss purposes was $ 619 before application of the $ 100 exclusion. None of the loss was reimbursed by insurance. On or about September 1, 1975, the petitioners' Opel automobile was burglarized at the Holiday Inn parking lot in Troy, Michigan. This was reported to the Troy Police Department. The stolen property consisted of a fur coat and stole, two suede coats, a raincoat, jackets, suits, and miscellaneous clothing items, all having a total value of $ 1,635 for theft loss purposes before application of the $ 100 exclusion. None of the loss was reimbursed by insurance. ULTIMATE FINDINGS 1. Petitioner Charles R. Davis is entitled to a deduction for traveling expenses while away from home in the total amount of $ 10,677.20 for the year 1975. 2. Petitioners are not entitled to any moving expense deduction for the year 1975. 3. Petitioners are not entitled to a chile care expense deduction for the year 1975. 4. Petitioners are entitled to two theft loss deductions in the net amounts of $ 519 and $ 1,535 for the year 1975. OPINION 1. *486 Traveling Expenses.
We think the parties have misconceived the first issue. Petitioners claimed employee business expense deductions for traveling incurred in connection with their work for R-D Mounts, Inc., a corporation which they control and with respect to which they received no income or dividends during 1975. Respondent asserts that the claimed expenses are nondeductible because they were not proximately related to the carrying on of Charles R. Davis' trade or business. In our judgment the correct focus is whether the traveling expenses, including meals and lodging, were incurred by Mr. Davis, a consulting engineer, while he was away from his home on two temporary jobs in Maryland and Michigan. Mr. Davis was clearly in a trade or business in 1975 and his "tax home" was Canoga Park, California. Section 162(a)(2) [1] permits a deduction for "traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business." Three conditions must be met to qualify for such a deduction. The expenses must have been ordinary and necessary, incurred while away from home, and incurred while in pursuit of a trade or business. *487 Commissioner v. Flowers,326 U.S. 465 (1946). This Court has held that "home" for purposes of section 162(a)(2) is generally equated to a taxpayer's principal place of employment. But, where the post of employment is temporary rather than indefinite, we have held that he may deduct living expenses incurred by him at his temporary post of employment. Tucker v. Commissioner,55 T.C. 783, 786 (1971). Under the circumstances of this case we believe Mr. Davis could not reasonably have been expected in 1975 to move his residence (and his principal place of employment) from Canoga Park, California, to Arnold, Maryland, or to Warren, Michigan. See Patrick v. Commissioner,T.C. Memo. 1977-153, on appeal (4th Cir. Nov. 23, 1977).Since his jobs in Maryland and Michigan were temporary, we conclude that the living expenses in both places are deductible under section 162(a)(2). Based on the evidence presented, we are satisfied that petitioners have substantiated traveling expenses to the extent of $ 10,677.20. Therefore, *488 such amount is allowable, as indicated in our ultimate finding of fact. 2. Moving Expenses.
Petitioners have claimed a moving expense deduction of $ 3,110 with respect to the commencement of work on the two temporary jobs in Maryland and Michigan. Respondent contends that they are not entitled to the deduction. We agree with respondent for several reasons. Section 217(a) allows a deduction for moving expenses paid or incurred during the taxable year in connection with the commencement of work by a taxpayer at a new principal place of work. The reference in the statute and in section 1.217-2(c)(3)(iii), Income Tax Regs., to a new "principal place of work" means a new place where the taxpayer will be employed on a permanent or indefinite basis as distinguished from a temporary basis. Schweighardt v. Commissioner,54 T.C. 1273 (1970). Any moving expenses with respect to the Maryland job were incurred in 1974, not 1975, and Maryland was not a "new principal place of work" for Mr. Davis. In addition, he did not remain a full-time employee of Hepco for at least 39 weeks so that he failed to meet the condition for the allowance of moving expenses specified *489 in section 217(c)(2)(A). Any expenses incurred by Mr. Davis with respect to the Michigan job are also nondeductible because it did not constitute his "new principal place of work" and he did not satisfy the 39 week test of section 217(c)(2)(A) at that location. In any event, since we have allowed a deduction for traveling expenses while away from home under section 162(a)(2), a deduction for moving expenses under section 217(a) is not allowable. Schweighardt v. Commissioner,supra at 1277; section 1.217-2(c)(3)(iii), Income Tax Regs. Accordingly, we sustain respondent's determination on this issue. 3. Child Care Expenses.
Petitioners claimed a deduction of $ 2,000 for amounts paid in 1975 to their daughters, sons, and daughter-in-laws for the care of Mimi, their 8 year old daughter. Respondent contends that such expenses are nondeductible by virtue of section 214(e)(4), which then provided that no deduction was allowable for payments made to an individual bearing a relationship to the taxpayer described in paragraphs (1) through (8) of section 152(a). Since section 152(a)(6) describes a son or daughter of a taxpayer and section 152(a)(8) describes *490 a daughter-in-law of a taxpayer, the petitioners are clearly not entitled to the claimed child care expense deduction in 1975. 4. Theft Losses.
Petitioners have claimed two theft losses in 1975 totaling $ 5,500. One loss relates to the burglarizing of their apartment in Arnold, Maryland, and the other loss relates to the theft of clothing from their automobile in Troy, Michigan. The parties have stipulated the thefts. Only the amount of each loss remains to be decided by the Court. Although petitioners' evidence regarding the value of the property is far from perfect, we have made an approximation under the Cohan rule (39 F.2d at 544) of the amount of each loss. Estate of Aylesworth v. Commissioner,24 T.C. 134, 147 (1955). As reflected in our ultimate findings of fact, and using our best judgment, we have concluded that the value of the property stolen from petitioners' Maryland apartment was $ 619, and the value of the clothing stolen from their automobile in Michigan was $ 1,635. After applying the $ 100 floor to each theft loss, we hold that the petitioners are entitled to personal casualty losses under section 165(c)(3) of $ 519 *491 and $ 1,535, respectively. To reflect our conclusions herein, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year 1975.↩